Nash, O. J.
 

 The action is in case for a false warranty, and a fraud, in the sale of a horse. No exception is taken as to the principles of law governing the case, as by the Court stated to the jury; but the exception is to the charge upon the evidence. The fraud alleged against the defendant was, that the eyes of the horse transferred by him to the plaintiff, were unsound within his knowledge, at the time of the sale. Most of the controversy turned upon the
 
 scienter.
 
 The defendant introduced a witness by the name of Black, who swore that the defendant sent him for the horse when he first traded for her, that he brought her home on Saturday, and defendant sold her
 
 *386
 
 to plaintiff on the following Monday, and that he, witness, did not believe her eyes were unsound. He was then asked by the plaintiff’s counsel if he had not, on a certain occasion, said to one Weddington, that he (witness) had advised the defendant to sell the mare, because he thought her eyes unsound — that the defendant asked $125, and he advised him to take $100 ?”■ The witness stated he recollected having no such conversation. Weddington was then called by the plaintiff, who swore that Black had told him, he had advised the. defendant to sell the mare, because her eyes were not good; that the- defendant asked for her $125, and he advised him.to take $100. Black being called back, reiterated his former statement, and that he never had any such conversation with Wed-dingfon; that he never told the defendant that the mare’s eyes were defective: that he had never believed they were.
 

 In commenting on this testimony after stating it to the jury, his Honor observes, “ these witnesses being admitted to be respectable, it was the duty of the jury to reconcile the testimony if they could:, the one swore
 
 affirmatively
 
 to the fact of the conversation, the other
 
 negatively,
 
 that he had no recollection of it. The Court then leaves the testimony of .these witnesses, without directing the attention of the jury to the legitimate effect of the discrepancy. The only effect the testimony of Weddington could properly have, was to discredit Black, but it was no evidence in itself to show that the defendant knew of the unsoundness of the horse’s eyes, and the charge places it before the jury as evidence upon the point in issue. Stated as it was, it must have misled the jury: for, take away the testimony of Weddington, and there .is none to show that the defendant knew that the eyes of the mare were unsound, if the fact were so. The jury, therefore, .were misdirected as to the effect of the testimony of Weddington, and for this error there must be a
 
 .venwe de novo.
 

 Per Curiam:. Judgment reversed.